The Sewer Authority of the City of Scranton, Pennsylvania, Appellant *v.* Robert J. Arnold, Appellee.

Submitted on briefs, April 7, 1978, to Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Robert T. Gownley*, for appellant.

*C. H. Welles*, for appellees.

Opinion by Judge Wilkinson, Jr., May 9, 1978:

The very narrow question before us in this appeal is the validity of a municipal lien filed by The Sewer Authority of the City of Scranton. The facts were stipulated. At the time the improvements were completed, *i.e.*, October 30, 1970, the title to the property was in Robert J. Arnold. After the improvements were completed, but before the municipal sewer lien was filed, *i.e.*, on November 11, 1970, Arnold conveyed to Henry P. Crew and Helen Crew, his wife. Following this conveyance, the lien was filed on April 29, 1971. By survivorship and various conveyances, the property became vested in the petitioners, John Zak and Dorothy Zak, his wife. The averment to attempt to revive the lien, naming Robert J. Arnold as the owner, was filed June 21, 1976, more than five years from the date of its entry. At that time the lien had expired for lack of revival within five years after its entry.

The averment to revive the lien was filed under the provisions of the Act of September 23, 1959 (Act),

P.L. 955, *as amended*, 53 P.S. §7432. This Act provides, *inter alia*, for reviving liens not timely revived but has the following provision which controls this case:

> Provided, That the lien of any such claim or judgment shall not reattach against any real estate transferred to any purchaser before such claim is filed or during the time when the lien of any such tax or municipal claim or judgment was lost. . . .

In an able opinion for the Court of Common Pleas of Lackawanna County, President Judge ROBINSON "fleshed out" the above "skeleton" of facts and discussed the law. The short of it is that the legislation quoted above, which is the authority for revival, clearly provides that the lien cannot be revived against this property for it was transferred to a purchaser before the lien was filed.

Accordingly, we will enter the following

ORDER

AND Now, May 9, 1978, the order of the Court of Common Pleas of Lackawanna County, in No. 833 January Term, 1977, Sewer Lien to No. 489, Year 1971, striking the lien from the record, is affirmed.